### Charles P. Skinner et al. v. Charles F. Hemenway et al.

#### Gen. No. 4,827.

Will—*what does not render bequest void.*    Mistake or uncertainty in the description of a legatee will never render a bequest void, if the name and description used in the will as applied to the facts and circumstances proved will identify such person from all others.

Bill in equity.    Appeal from the Circuit Court of Rock Island county; the Hon. William H. Gest, Judge, presiding.    Heard in this court at the April term, 1907.    Affirmed.    Opinion filed August 6, 1907.

Searle & Marshall, for appellants.

J. F. WITTER, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The question presented by this record is the disposition of the legacy mentioned in a clause of the will of Porter Skinner, deceased, reading as follows: "I give, devise and bequeath to my sister Almina, born Skinner, widow of David Simmons, deceased, $1,000 if she be still living, and to the daughter of said Almina, issue of her marriage with said David Simmons, the sum of $1,000."

At the time of the execution of Porter Skinner's will and at the time of his death, which occurred in 1901, there were living not one, but three daughters of Almina Skinner, namely, Henrietta, Sarah and Mary. Since the testator's death Henrietta and Mary have died.

The trustee appointed to carry out the provisions of the will filed a bill in equity concerning other matters not involved here, and also setting forth the facts above stated and alleging that said legacy was void for its uncertainty in the identity of the legatee. The administratrix of the estate of the deceased daughter, Henrietta, was made a party, and answered, claiming the legacy. Sarah, the surviving daughter of Almina Simmons, and the husband and heirs at law of the other deceased daughter, Mary, were also made parties defendant, but asserted no claim to the legacy and were defaulted. The Circuit Court found that the administratrix of the estate of Henrietta was entitled to the $1,000 legacy. This appeal is prosecuted by the residuary legatees under the will.

The will of Porter Skinner clearly shows that the testator intended to give the sum of $1,000 to a daughter of Almina Simmons. If the residuary legatees are to receive the benefit of this legacy, it must be conceded that it will not be because the testator intended that they should, but because he failed with sufficient

certainty to describe the person to whom he intended to give the legacy.

It is well settled that a mistake or uncertainty in the description of a legatee will never render a bequest void, if the name and description used in the will as applied to the facts and circumstances proved will identify such person from all others. Womans' Union Missionary Society v. Mead, 131 Ill. 338, 361. In this case the court quotes with approval the fifth proposition applicable to the exposition of wills, by Wigram on Wills, page 56, as follows: "A court may inquire into every material fact relating to the person who claims under a will, to the property claimed as the subject of disposition, to the circumstances of the testator and his family and affairs, for the purpose of enabling the court to identify the person intended by the testator." On page 161 this author says: "The law is not so unreasonable as to deny to the reader of all instruments the same light which the writer enjoyed."

In Tucker v. Seaman's Aid Society, 7 Metc. (Mass.) 188, Chief Justice Shaw said: "Where the name or description used in the will does not designate with precision any person, but where, when the circumstances come to be proved, so many of them concur to indicate that a particular person was intended, and no similar conclusive circumstances appear to distinguish and identify any other person, the person thus shown to be intended will take."

Porter Skinner lived in Rock Island, Illinois, and the Simmons family lived in Pennsylvania. The evidence shows that some fifty years before his death, Porter Skinner visited the Simmons family in Pennsylvania, and that Henrietta was then a child about twelve years of age. The evidence is uncertain as to whether Sarah and Mary, who were twins, had then been born. Perry Simmons, a brother of Henrietta, testified to a conversation with Porter Skinner some thirty-seven years prior to his death, when Simmons, then a boy of nine-

teen, was visiting his Uncle Skinner at Rock Island. The witness says that the testator inquired about Henrietta, but that during the conversation no reference was made to Sarah or Mary. The testimony of this witness is severely assailed by counsel for appellant, but it should be noted that he is not impeached. An examination of the entire record leads to the conclusion that Porter Skinner knew Henrietta, and it tends to show that he had never known or heard of either Sarah or Mary.

We are therefore of the opinion that the intention of Porter Skinner to bequeath this legacy to Henrietta, the daughter of Almina Simmons, is sufficiently established, and that the decree of the Circuit Court should be affirmed.

*Affirmed.*